UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRGINIA BRADFORD, Individually and as Heir and Legal Representative of the ESTATE OF FRED HAROLD BRADFORD Jr., (Deceased),<br>　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF DALLAS, BRYAN KENT BURGESS, MICHAEL PUCKETT, and DAVID BROWN,<br>　　　　Defendants. | §§§§§§§§§§§§ | Civil Action No.<br><br>_____ |

**DEFENDANTS CITY OF DALLAS AND
DAVID BROWN'S NOTICE OF REMOVAL, AND BRIEF**

TO THE HONORABLE COURT:

Defendants City of Dallas ("the City") and David Brown ("Brown") (collectively, "Defendants"), pursuant to 28 U.S.C. § 1441, hereby remove Plaintiff's state court action to the United States District Court for the Northern District of Texas–Dallas Division, and in support hereof respectfully show the following:

### I.   STATEMENT OF FACTS

1.1   This Notice of Removal is filed within 30 days of service of the complaint that first asserts a federal question claim, and will be consented to by all defendants who have been served with summons or who have made an appearance in this civil action.

1.2   Virginia Bradford ("Bradford") filed this suit on 27 June 2013, in her individual capacity and as the "Heir and Legal Representative of the Estate of Fred Harold Bradford, Jr." in the County Court at Law No. 2 of Dallas County, Texas, which lawsuit was assigned Cause No. cc-13-03780-B. (*See* Index of State Court Documents ("Index") at Tab 1 and Tab 3.) The City was served with citation on 1 July 2013. (*Id*. at Tab 8.) Brown, although not properly served

with citation (*see id.* at Tab 10),[1] made a voluntary appearance on 13 July 2013 by filing an answer in the Dallas County Court at Law. (*Id.* at Tab 14.) Likewise, neither Defendants Bryan Kent Burgess nor Michael Puckett have been properly served with a citation (*see id.* at Tab 11, Tab 12), but both have made an appearance in this civil action by filing answers to Bradford's petition in the Dallas County Court at Law. (*Id.* at Tab 15, Tab 16.)

1.3     The Complaint pleads claims arising under 42 U.S.C. § 1983, by alleging deprivations under color of state law of rights secured by the United States Constitution. (*See* Complaint (Index at Tab 2).) Bradford seeks monetary damages and attorney's fees. (*Id.*)

## II.     ARGUMENT AND AUTHORITIES

2.1     Title 28, Section 1441 of the United States Code governs the removal of civil actions from state court to federal court. Section 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28, Section 1331 of the United States Code describes the federal question jurisdiction of the federal district courts:

> The district courts shall have original jurisdiction of all civil action arising under the constitution, laws, or treaties of the United States.

2.2     More specifically, 28 U.S.C. § 1343(a) describes the federal court's jurisdiction regarding civil rights allegations:

> (a)   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

                              *  *  *

---

[1] Bradford caused citation to be served to the Dallas City Secretary, rather than Brown. (*See* Index at Tab 10.) The service of citation to defendants Bryan Kent Burgess and Michael Puckett also was improperly made to the Dallas City Secretary, rather than to the individual defendants in a manner permitted by law. (*See id.* at Tab 11, Tab 12.)

    (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

    (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Title 42, Section 1983 of the United States Code provides a cause of action for the deprivation of civil rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

  2.3 The present case is properly removed to this United States District Court because Plaintiff's claims fall within this district court's original jurisdiction. Bradford alleges claims arising under a federal statute, 42 U.S.C. § 1983, and Bradford seeks redress for alleged deprivations of federally protected constitutional rights. Bradford's allegations therefore present a "federal question" as contemplated by 28 U.S.C. §§ 1331 and 1343. Section 1983 cases filed in state courts may be removed by defendants to a federal district court under 28 U.S.C. § 1441, the general federal question removal statute, because they are cases which could have originally been filed in a federal district court. *See Merrell Dow Pharms, Inc. v. Thompson*, 478 U.S. 804 (1986); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U. S. 1 (1983); and *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). Therefore, the City and Brown are entitled by statute to remove to this district court.

2.4    The presence of state-law claims does not preclude removal. Bradford's section 1983 claims against Defendants have been brought together with Bradford's Texas common-law claims. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

2.5    Bradford's state court petition includes a Texas common-law negligence claim. (*See, generally*, Complaint (Tab 2).) A federal district court has supplemental jurisdiction to hear state law claims that are joined with federal claims removable under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1367(a). Because Bradford's Texas common-law claims derive from a "common nucleus of operative facts and form the same case or controversy," supplemental jurisdiction exists. *Id. See also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Pueblo Int'l, Inc. v. De Cardona*, 725 F.2d 823 (1st Cir. 1984); and *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir. 1983).

### III.    CONSENT OF OTHER DEFENDANTS

3.1    The other defendants in this action, Bryan Kent Burgess and Michael Puckett, do not oppose removal of this action. Burgess and Puckett will file separately their formal consents to the removal of this action.

WHEREFORE, Defendants City of Dallas and David Brown request that this proceeding be removed from the County Court At Law No. 2 of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

*s/ Jason G. Schuette*
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

Patricia M. DeLaGarza
Executive Assistant City Attorney
Texas Bar No. 13897900
patricia.medrano@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

*Attorneys for Defendants*
*City of Dallas and David Brown*

## CERTIFICATE OF SERVICE

I certify that on 30 June 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: none

I certify that on 30 June 2013, I served this paper on the following persons by the means indicated, in compliance with the Federal Rules of Civil Procedure:

**BY FIRST CLASS MAIL**
William M. "Billy" Ravkind
One Meadows Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 76206

**BY FIRST CLASS MAIL**
Ben C. Martin
Thomas Wm. Arbon
Russell T. Burton
3219 McKinney Avenue
Dallas, Texas 75204

**BY FIRST CLASS MAIL**
Gerald Bright
David L. Craft
Walker Bright P.C.
100 North Central Expressway, Suite 800
Richardson, Texas 75080

**BY FIRST CLASS MAIL**
Edwin P. Voss, Jr.
Brown & Hofmeister, L.L.P.
740 E. Campbell Road, Suite 800
Richardson, Texas 75081

*s/ Jason G. Schuette*
Executive Assistant City Attorney