## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| VIRGINIA BRADFORD, Individually and<br>as Heir and Legal Representative of the<br>ESTATE OF FRED HAROLD BRADFORD, JR.,<br>(Deceased), | § <br> § <br> § <br> § <br> § | |
| Plaintiff, | § <br> § | CIVIL ACTION NO.<br>3:13-CV-2966-B |
| vs. | § <br> § | |
| THE CITY OF DALLAS, BRYAN KENT<br>BURGESS, MICHAEL PUCKETT, and<br>DAVID BROWN, | § <br> § <br> § <br> § | |
| Defendants. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### ATTENDANCE

A meeting was held at the Law Offices of Ben C. Martin. L.L.P. on August 21, 2013 at

2:00 p.m. in compliance with the Court's Order dated July 31, 2013 and Rule 26(f) of the Federal

Rules of Civil Procedure.  (*See* Doc. 8).  The conference was attended by the following:

a.     William M. "Billy" Ravkind of RAVKIND & ASSOCIATES, L.L.C. who represents the Plaintiff.

b      Ben C. Martin and Thomas Wm. Arbon of the LAW OFFICES OF BEN C. MARTIN who represent the Plaintiff.

c.     Jason Schuette and Grant Brenna, Assistant City Attorneys for the CITY OF DALLAS who represent Defendants City of Dallas and David Brown.

d.     Edwin P. Voss, Jr. of BROWN & HOFMEISTER, L.L.P. who represents Defendant Bryant Kent Burgess.

e.     Gerald Bright of WALKER BRIGHT, P.C. who represents Defendant Michael Puckett.

**I.**
**NATURE OF THE CASE**

1.1     Plaintiff Virginia Bradford, Individually and as Heir and Legal Representative of

the Estate of Fred Harold Bradford, Jr.:

a.      This case arises from the death of Fred Harold Bradford, Jr. as a result of injuries
sustained when Officer Bryant Kent Burgess of the Dallas Police Department ran
Mr. Bradford down with his patrol car.

b.      At approximately 10:45 p.m. on April 21, 2013, Fred Harold Bradford, Jr. was
riding his bicycle near the 3100 block of Julius Schepps Freeway in Dallas, Texas
when Bryan Kent Burgess and Michael Puckett, police officers with the City of
Dallas Police Department, initiated a pursuit of Mr. Bradford.  Defendant Puckett
exited the patrol car and began running after Mr. Bradford on foot while
Defendant Burgess chased Mr. Bradford down with his patrol car.

c.      Defendant Burgess used his city issued motor vehicle to chase Mr. Bradford down
an alleyway, across the southbound service road of Julius Schepps Freeway and
through a grassy median. At this point, Defendant Burgess states his patrol car
began to skid on the grass. Defendant Burgess hit Mr. Bradford with his patrol
car, forcing him off his bicycle and under the vehicle.

d.      As a result of being struck and run over by the patrol car, Mr. Bradford suffered
very serious injuries to his ribs, back, lungs and internal organs.  He was
transported to Baylor University Medical Center where he was admitted and
underwent several surgeries. Mr. Bradford was a patient in Baylor University
Medical Center from April 22, 2013 until his death on May 13, 2013.

e.      Plaintiff Virginia Bradford is Fred Harold Bradford, Jr.'s surviving mother, an
heir and legal representative of his estate.

f.      Plaintiff has brought claims against the City of Dallas, Dallas Police Officer
Bryant Kent Burgess, Dallas Police Officer Michael Puckett and Dallas Police
Chief David Brown.

g.      Plaintiff's causes of action arise from the Texas Wrongful Death and Survival
Acts, Section 42 U.S.C.A.§ 1983, Texas Civil Practice & Remedies Code §§
71.002, 71.021 and 101.021, and common law negligence.

    1.  FIRST CAUSE OF ACTION - Unconstitutional use of deadly force - 42 U.S.C. §
        1983 violations of the 4th and 14th amendments by Defendants Burgess and
        Puckett through the unlawful seizure of a person and use of excessive force

and unreasonable pursuit with a motor vehicle.

2. SECOND CAUSE OF ACTION - Unconstitutional use of excessive force - 42 U.S.C. § 1983 violations of the 4th and 14th amendments by Defendant Burgess through the unlawful seizure of a person and use of excessive force.

3. THIRD CAUSE OF ACTION **-** Defendant Puckett failed to protect Fred Harold Bradford from the 42 U.S.C. § 1983 violations of the 4th and 14th amendments by Defendant Burgess.

4. FOURTH CAUSE OF ACTION - Defendant Brown failed to supervise - 42 U.S.C. § 1983 violations of the 4th and 14th amendments.

5. FIFTH CAUSE OF ACTION - *Monell* Claim - 42 U.S.C. § 1983 violations of the 4th and 14th amendments based upon the City of Dallas' unlawful policy that arising through endorsement of acts of the police officers by an official policymaker, Defendant Brown.

6. SIXTH CAUSE OF ACTION - *Monell* Claim - 42 U.S.C. § 1983 violations of the 4th and 14th amendments based upon the City of Dallas' informal custom and policy.

7. SEVENTH CAUSE OF ACTION - *Monell* Claim - 42 U.S.C. § 1983 violations of the 4th and 14th amendments based upon City of Dallas' failure to train its officers.

8. EIGHTH CAUSE OF ACTION - *Monell* Claim - 42 U.S.C. § 1983 violations of the 4th and 14th amendments were ratified by the City of Dallas.

9. NINTH CAUSE OF ACTION - 14th amendment violations - interference with the parent-child relationship and violations of substantive due process.

10. TENTH CAUSE OF ACTION - Defendant City of Dallas is liable for the actions of its employees because the personal injuries and subsequent death suffered by Fred Harold Bradford, Jr. were caused by the negligent operation or use of a motor vehicle, Defendant Burgess' patrol car.

h.     Plaintiff Virginia Bradford is seeking to recover common law damages for the wrongful death of her son, Fred Harold Bradford, Jr. These damages include:

1. The loss of her son's society, including a loss of his love, affection, care, attention, companionship, comfort, and protection.

2. The loss of Fred Harold Bradford, Jr.'s support, maintenance, services, advice

and counsel.

3. The tremendous mental anguish, grief and sorrow she has suffered as a result of the loss of her child.

i. The Estate of Fred Harold Bradford, Jr. is seeking common law survival damages. These damages include:

1. The physical pain, suffering, mental anguish, medical expenses, and physical impairment suffered by Mr. Bradford.

2. Reasonable and necessary funeral and burial expenses.

3. Medical bills that approximate $500,000.00

j. The Plaintiff is also seeking attorneys' fees as authorized by 42 U.S.C. § 1988.

k. The Plaintiff is also seeking exemplary damages from Defendants Burgess and Puckett. The claim for such damages arises as a result of the gross negligence of these Defendants.

1.2   Defendants the City of Dallas and David Brown:

a. Plaintiff has failed to state a claim upon which relief can be granted under the Fourteenth Amendment;

b. Plaintiff has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 as to the City;

c. Neither the chief of police, David Brown, nor any other subordinate officer in the Dallas Police Department, is the City's official policymaker;

d. Neither Plaintiff nor Fred Harold Bradford, Jr. ("Bradford") was injured as the result of a constitutionally defective official policy of the City of Dallas;

e. Neither Plaintiff nor Bradford was injured as the result of a constitutionally defective Dallas Police Department custom that had the force of an official policy of the City of Dallas;

f. Neither Plaintiff nor Bradford was injured as the result of a constitutionally defective official policy of the City of Dallas; and

g. To the extent that Defendants Bryan Kent Burgess and/or Michael Puckett would be entitled to official immunity with respect to the matters that are the subject of

**Page 4**

Plaintiff's state-law claims against the City, the City is entitled to derivative immunity as to those claims.

h.      Defendant David Brown adopts the City of Dallas's contentions, and asserts his entitlement to the defense of qualified immunity.  Brown contends further that he used no force against Bradford, did not seize Bradford, did not search Bradford, and did not otherwise participate personally in Bradford's encounter with officers Burgess and Puckett.

i.      Defendant David Brown contends further that he was not deliberately indifferent to a Dallas Police Department or City of Dallas custom of insufficient training or supervision that was the moving force and actual cause of a deprivation of either Plaintiff's or Bradford's constitutional rights.

1.3     Defendant Bryan Kent Burgess:

a.      Defendant Burgess denies the allegations in Plaintiff's Original Petition;

b.      Defendant Burgess asserts that all acts complained of by Plaintiff are specifically exempted from the application of the waiver of immunity in the Texas Tort Claims Act, and asserts that Defendant Burgess is immune from liability and from suit;

c.      Defendant Burgess asserts the affirmative defense of contributory or comparative negligence, which proximately caused, in whole or in part, the damages, if any, to Plaintiff;

d.      Defendant Burgess asserts the affirmative defense under § 101.106 of the Texas Tort Claims Act that Plaintiff's filing suit against Defendant City of Dallas, who is Defendant Burgess' employer, constitutes an irrevocable election by Plaintiff and immediately and forever bars any suit or recovery by Plaintiff against Defendant Burgess under state law;

e.      Defendant Burgess asserts that he is entitled to a determination of proportionate responsibility from any claimant, defendant, settling person, or responsible third party, pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code;

f.      Defendant Burgess asserts that he is entitled to contribution and indemnity from any Defendant or Third-Party Defendant who has been or may be joined in this action, pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code;

g.      Defendant Burgess asserts that Plaintiff has failed to state a claim upon which relief can be granted;

h.      Defendant Burgess asserts that he is entitled to the defense of qualified immunity and/or official immunity as to Plaintiff's claims;

i.      Defendant Burgess asserts that on the occasion in question, he acted without malice, without an intent to deprive Plaintiff of any legally protected rights, that he acted with a reasonable, good faith belief that his actions were lawful and proper and pursuant to the scope of his discretion and authority as a police officer, that his actions were objectively reasonable, and that he did not violate clearly established law of which a reasonable person would have known;

j.      Defendant Burgess asserts that no deprivation of rights occurred on the occasion in question;

k.      Defendant Burgess affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages; and

l.      Defendant Burgess affirmatively pleads the limitations of liability set forth in § 101.023 of the Texas Civil Practice and Remedies Code.

1.4     Defendant Michael Puckett:

a.      Defendant Puckett denies the allegations in Plaintiff's Original Petition;

b.      Defendant Puckett asserts that all acts complained of by Plaintiff are specifically exempted from the application of the waiver of immunity in the Texas Tort Claims Act, and asserts that Defendant Puckett is immune from liability and from suit;

c.      Defendant Puckett asserts the affirmative defense of contributory or comparative negligence, which proximately caused, in whole or in part, the damages, if any, to Plaintiff;

d.      Defendant Puckett asserts the affirmative defense under § 101.106 of the Texas Tort Claims Act that Plaintiff's filing suit against Defendant City of Dallas, who is Defendant Puckett's employer, constitutes an irrevocable election by Plaintiff and immediately and forever bars any suit or recovery by Plaintiff against Defendant Puckett under state law;

e.      Defendant Puckett asserts that he is entitled to a determination of proportionate responsibility from any claimant, defendant, settling person, or responsible third party, pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code;

f.      Defendant Puckett asserts that he is entitled to contribution and indemnity from

any Defendant or Third-Party Defendant who has been or may be joined in this action, pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code;

g.   Defendant Puckett asserts that Plaintiff has failed to state a claim upon which relief can be granted;

h.   Defendant Puckett asserts that he is entitled to the defense of qualified immunity and/or official immunity as to Plaintiff's claims;

i.   Defendant Puckett asserts that on the occasion in question, he acted without malice, without an intent to deprive Plaintiff of any legally protected rights, that he acted with a reasonable, good faith belief that his actions were lawful and proper and pursuant to the scope of his discretion and authority as a police officer, that his actions were objectively reasonable, and that he did not violate clearly established law of which a reasonable person would have known;

j.   Defendant Puckett asserts that no deprivation of rights occurred on the occasion in question;

k.   Defendant Puckett affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages; and

l.   Defendant Puckett affirmatively pleads the limitations of liability set forth in § 101.023 of the Texas Civil Practice and Remedies Code.

## II.
### CHALLENGES TO JURISDICTION OR VENUE

2.1   There are no challenges to jurisdiction or venue at this time.

## III.
### PENDING MOTIONS

3.1   Defendant Burgess' Motion to Require Plaintiff to File a Reply Under

Fed.R.Civ.P. 7(a), and Brief, was filed on August 28, 2013 (Docket Item No. 11), as well as

Defendant Burgess' Motion for Protective Order to Stay Discovery, and Brief (Docket Item No.

12).  Burgess' motion for protective order seeks a stay of all discovery pending the resolution of

his qualified immunity defense (which is the subject of the motion seeking a Rule 7(a) reply from

Plaintiff), and pending the conclusion of criminal proceedings pending against him in Dallas

County District Court.

Defendant Puckett's Motion for Rule 7 Reply and Brief (Docket Item No. 14), as well as

Defendant Puckett's Motion to Stay or Limit Discovery and Brief (Docket Item No. 13), were

both filed on August 28, 2013.  Puckett's motion to stay or limit discovery seeks a stay of all

discovery pending the resolution of his qualified immunity defense.

## IV.
### MATTERS REQUIRING A CONFERENCE WITH THE COURT

4.1     Plaintiff requests a conference with the Court as it appears Defendants Burgess

and Puckett are not willing to engage in full and open discovery at this time but are seeking to

delay the discovery process. Plaintiff believes that discovery in the matter should commence in

this matter without delay or any limitations in scope beyond those imposed by the Federal Rules

of Civil Procedure.

4.2     Defendant City of Dallas has no opinion as to the need for a conference, but

welcomes the Court's guidance on the limits, if any, to be imposed on discovery in light of

Defendants Burgess's and Puckett's assertion of entitlement to qualified immunity and the

pending criminal prosecution of former police officer Burgess.

4.3     Defendants Burgess and Puckett would respectfully request a conference to

discuss the status and prospective progress of the case in light of pending criminal prosecutions

arising from the same set of operative facts as this civil matter and Defendants Burgess and

Puckett's filed motions for protective order seeking to stay discovery and postpone initial

disclosures.

**V.**
**LIKELIHOOD THAT OTHER PARTIES WILL BE JOINED OR THE PLEADINGS AMENDED**

5.1     At this time, the parties do not anticipate joining any other parties. Plaintiff does

not have any immediate plan to amend its pleadings, but does anticipate that the complaint will

be amended as discovery progresses.

5.2     Defendants contemplate no need to amend at this time other than to respond to

any amendments filed by the Plaintiff.

**VI.**
**ESTIMATE OF TIME NEEDED FOR DISCOVERY**

6.1     Plaintiff estimates discovery can be completed within six (6) months and that full

and complete discovery should commence immediately. Discovery would include the exchange

of initial disclosures, written discovery, depositions of the parties and all fact witnesses as well as

the designation of expert witnesses and completion of depositions of all named experts.  Plaintiff

will oppose the Defendants' requests for any stay of discovery or limitation in the scope of

discovery beyond that imposed by the Federal Rules of Civil Procedure.

6.2     The City of Dallas estimates that discovery as to the claims against it should

require eight (8) months. The City expects to conduct discovery as to the factual bases of

Plaintiff's claims, and Plaintiff's contentions of fact and law. To the extent that Plaintiff indicates

in her disclosures that she intends to present medical evidence, the City will seek copies of

relevant medical records, and will likely seek depositions of medical experts.

6.3     Defendant Brown estimates that discovery as to the claims against him should

only require about three months. Brown expects to conduct discovery as to the factual bases of

Plaintiff's claims against him, and Plaintiff's contentions of fact and law as to the official

capacity claims against him. However, Brown has asserted his entitlement to the defense of

qualified immunity and, therefore, discovery as to Brown must be limited to that which is

necessary to assist the Court in resolving that defense.

6.4     Defendants Burgess and Puckett believe that discovery can be completed within

nine (9) months after commencement, however, these Defendants request, per their filed motions

for protective order, that no discovery be commenced until their qualified immunity defense and

any criminal cases are resolved. Defendants believe this nine (9) month period will be sufficient

for the exchange of written discovery, the review and analysis of same, depositions of the parties

and witnesses, the exchange of expert material and other discovery, after commencement.

Discovery, once commenced, will delve into the facts of the incident that gives rise to this case,

the Plaintiff's contentions, Defendants' defenses, damages and expert discovery.

## VII.
### ISSUES RELATED TO DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

7.1     The Plaintiff has very little, if any, electronically stored data, but believes that the

Defendants, primarily the City of Dallas, will have information subject to disclosure and

discovery that is in electronic form either as stored documents, spreadsheets, emails, logs, digital

images, video or audio records, or other data captured, maintained or stored in digital form.

Counsel for Plaintiff requests such information be exchanged in a format that is readily readable

by commonly available economically priced, consumer software, running on a standard Windows

based platform. Contrary to the position taken by the City of Dallas, the Plaintiff asserts any

consideration of "cost shifting" is obviously premature as discovery has not yet been exchanged

and if any issues regarding financial burden do arise, they can be addressed by agreement of the

parties or future motion to the Court.

7.2     The City contends that all ESI should be produced in its native format when available, or produced in PDF format if unable to be produced in its native format. Plaintiff should be required to cooperate with the City in defining relevant search parameters for ESI. Finally, the Court should consider cost-shifting to avert the unfair burden of over broad and ill-conceived discovery requests, should that occur.

7.3     Defendant Burgess has very little, if any, electronically stored information and believes this is an issue primarily addressed to the City of Dallas. *See* City's portion on this issue in the Joint Status Report.

7.4     Defendant Puckett has very little, if any, electronically stored information and believes this is an issue primarily addressed to the City of Dallas. *See* City's portion on this issue in the Joint Status Report.

## VIII.
### ANY ISSUES RELATED TO CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL PREPARATION MATERIALS

8.1     Plaintiff believes that discovery in the matter should commence in this matter without delay or any limitations in scope beyond those imposed by the Federal Rules of Civil Procedure.

8.2     Defendant Brown has asserted his entitlement to the defense of qualified immunity and, therefore, discovery as to Brown must be limited to that which is necessary to assist the Court in resolving that defense.

8.3     Defendant Burgess asserts no discovery should occur as to Defendant Burgess at this time due to the pending criminal case in the 283rd District Court, Cause No. F-1359298, in

Dallas County, and pending any further proceedings by the Dallas County Grand Jury regarding the events made the basis of this lawsuit, pursuant to his Fifth Amendment privilege.  These issues are presented in Defendant Burgess' Motion for Protective Order to Stay Discovery. Defendant Burgess has also asserted his entitlement to the defense of qualified immunity and, therefore, discovery as to him must be limited under that defense before general discovery on all issues should be allowed.

       8.4     Defendant Puckett asserts no discovery should occur as to Defendant Puckett at this time as Defendant Puckett has also asserted his entitlement to the defense of qualified immunity and, therefore, discovery as to him must be limited under that defense before general discovery on all issues should be allowed.

## IX.
### CHANGES TO THE LIMITATIONS ON DISCOVERY

       9.1     Plaintiff believes that discovery in the matter should commence in this matter without delay or any limitations in scope beyond those imposed by the Federal Rules of Civil Procedure.  In the event the Court should determine that discovery will initially be limited to matters related to the qualified immunity defense, the Plaintiff requests that the limitation on interrogatories be adjusted to allow the parties additional interrogatories in the event the court finds qualified immunity does not apply and full discovery regarding the merits of the case begins. For example, in the event discovery is initially limited, each party may serve up to 25 interrogatories regarding matters related to the qualified immunity claim, an additional 15 interrogatories may be served once discovery on the merits begins. Plaintiff is also opposed to Defendants City of Dallas' and Brown's request that they be relieved of their obligation to serve Rule 26(a)(1) initial disclosures.

9.2      In the event discovery is initially limited to the issue of qualified immunity, Defendants City of Dallas and Brown do not oppose Plaintiff's request to increase the maximum number of interrogatories in the event discovery on the merits begins. These Defendants also assert that the individual defendants who have asserted the defense of qualified immunity should be relieved of their obligation to serve Rule 26(a)(1) initial disclosures pending the determination of that defense.

9.3      Defendant Burgess asserts no discovery should occur as to Defendant Burgess at this time pursuant to the reasons set forth in Defendant Burgess' Motion for Protective Order to Stay Discovery.  In the event discovery is permitted to go forward but is limited to the defense of qualified immunity, Defendant Burgess does not oppose Plaintiff's request to increase the maximum number of interrogatories in the event discovery on the merits begins.  Defendant Burgess also asserts that  he should be relieved of his obligation to serve Rule 26(a)(1) initial disclosures pending the determination of his motion for protective order to stay discovery.

9.4      Defendant Puckett asserts no discovery should occur as to Defendant Puckett at this time pursuant to the reasons set forth in Defendant Puckett's Motion to Stay or Limit Discovery.  In the event discovery is permitted to go forward but is limited to the defense of qualified immunity, Defendant Puckett does not oppose Plaintiff's request to increase the maximum number of interrogatories in the event discovery on the merits begins.  Defendant Puckett also asserts that the he should be relieved of his obligation to serve Rule 26(a)(1) initial disclosures pending the determination of his Motion to Stay or Limit Discovery.

**X.**
**OTHER ORDERS TO BE ENTERED BY THE COURT UNDER RULE 26(C) OR RULE 16(B) AND (C)**

10.1      None other than those matter referenced in Sections III, IV, VI, VII, VIII and IX,

**Page 13**

herein.

## XI.
### PROPOSED DEADLINES

11.1        The Plaintiff proposes:

| | |
|---|---|
| Join Parties: | October 31, 2013 |
| Amend Pleadings: | October 31, 2013 |
| Dispositive Motions: | January 15, 2014 |
| Complete Discovery: | December 1, 2013 |

Designate Experts and
Serve Rule 26(a)(2) Reports

| | |
|---|---|
| Party with Burden of Proof: | January 3, 2014 |
| Responsive Designations: | February 3, 2014 |

Should a stay of discovery be issued, Plaintiff requests that the deadlines above be

extended in toto for a period equal to the time period of the stay.

11.2    Defendants City of Dallas and Brown:

| | |
|---|---|
| Join Parties: | October 31, 2013 |
| Amend Pleadings: | October 31, 2013 |
| Dispositive Motions: | August 31, 2014 |
| Complete Discovery: | July 31, 2014 |

Designate Experts
And Serve Rule 26(a)(2) Reports

| | |
|---|---|
| Party with Burden of Proof: | May 31, 2014 |
| Responsive Designations: | June 30, 2014 |

11.3    Defendants Burgess and Puckett request that no discovery be commenced until

**Page 14**

their qualified immunity defense and respective criminal cases are resolved and that, after such

time, that deadlines be set for joining additional parties, amending pleadings, dispositive motions

and expert witness designations, all to be completed within nine (9) months after commencement

of discovery.

## XII.
### TRIAL DATE, LENGTH OF TRIAL, JURY HAS BEEN DEMANDED

12.1    Plaintiff requests a trial setting on or about March 1, 2014. Assuming no claims or

parties are dismissed prior to trial, Plaintiff estimates that her portion of the trial will require five

(5) days (including time for cross-examination). All parties have demanded a jury.

12.2    Defendants City and Brown request a trial not earlier than December 31, 2014.

Assuming that no claims or parties are dismissed prior to trial, Defendants estimate that their

portion of the trial will require three days (including time for cross-examination).  All defendants

have demanded a jury.

12.3    Defendants Burgess and Puckett request a jury trial setting on the Court's first

opportunity one year from the date discovery commences. At this time, Defendant Burgess

estimates a five day trial.  Defendant Puckett also estimates a five day trial at this time.  A jury

has been demanded.

## XIII.
### TRIAL BY MAGISTRATE

13.1    At this time there is not unanimous consent to trial before the Magistrate Judge.

## XIV.
### SETTLEMENT PROGRESS REPORT

14.1    The parties have initiated settlement discussions although no firm offers or

demands have been exchanged at this time. It is expected that either a demand will have been

made by Plaintiff as has been requested by the City of Dallas in its capacity as a potential

indemnitor for the individual police officer defendants, or that an early mediation will be

attempted.  The City of Dallas presently is unable to make a reasoned settlement offer because

the City has not yet had an opportunity to review medical expenses pertaining to Fred Harold

Bradford, Jr.'s hospitalization and treatment, and desires an opportunity to engage in necessary

discovery relating to Plaintiff's alleged intangible injuries.

## XV.
### ALTERNATIVE DISPUTE RESOLUTION

15.1    The parties believe that mediation at an appropriate time during the presently

ongoing settlement discussions would be most likely to resolve this matter.

## XVI.
### OTHER MATTERS RELEVANT TO THE STATUS OR DISPOSITION OF THIS MATTER

16.1    Other than those issues presented above, the parties are at this time unaware of

any other such matters.

Respectfully submitted,

RAVKIND & ASSOCIATES, L.L.C.

*/s/ William M. "Billy" Ravind*
William M. "Billy" Ravkind
State Bar No. 16587300
One Meadows Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
214/559-0555 (Voice)  214/363-9979 (Facsimile)

LAW OFFICES OF BEN C. MARTIN, LLP

*/s/ Ben C. Martin*
Ben C. Martin
State Bar No. 13052400
Thomas Wm. Arbon
State Bar No. 01284275
Russell T. Button
State Bar No. 24077428
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
214/761-6614 (Voice)  214/744-7590 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**


Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

s/ Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

*s/Grant Hugh Brenna*
Senior Assistant City Attorney
Texas Bar No. 00789170
grant.brenna@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:         214-670-3519
Facsimile:         214-670-0622

**ATTORNEYS FOR DEFENDANTS**
**CITY OF DALLAS AND DAVID BROWN**

*/s/ Edwin P. Voss, Jr.*

Edwin P. Voss, Jr.
State Bar No. 20620300
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081
214/747-6100 (Voice)  214/747-6111 (Facsimile)
evoss@bhlaw.net

**ATTORNEY FOR DEFENDANT BRYAN KENT BURGESS**

*/s/ Gerald Bright*

Gerald Bright
State Bar No. 02991720
gerald.bright@wblpc.com
David L. Craft
State Bar No. 00790522
david.craft@wblpc.com
WALKER BRIGHT, P.C.
100 North Central Expressway, Suite 800
Richardson, Texas 75080
972/744-0192 (Voice)  972/744-0067 (Facsimile)

**ATTORNEYS FOR DEFENDANT MICHAEL PUCKETT**

## CERTIFICATE OF SERVICE

On August 30, 2013, the foregoing document was served electronically upon Plaintiff, through her counsel of record, Mr. William M. Ravkind, Ravkind & Associates, L.L.C., One Meadows Building, 5005 Greenville Avenue, Suite 200, Dallas, Texas 75206, and Messrs. Ben C. Martin, Thomas Wm. Arbon, and Russell T. Button, Law Offices of Ben C. Martin, LLP, 3219 McKinney Avenue, Suite 100, Dallas, Texas 75204; and upon Defendants City of Dallas and David Brown, through their counsel of record, Messrs. Thomass P. Perkins, Jr., Jason G. Schuette, Grant Hugh Brenna, Dallas City Attorney's Office, 1500 Marilla Street, Room 7B North, Dallas, Texas 75201; Defendant Bryan Kent Burgess, through his counsel of record Edwin P. Voss, Jr., BROWN & HOFMEISTER, LLP, 740 E. Campbell Road, Suite 800, Richardson, Texas 75081, and upon Defendant Michael Puckett, through his counsel of record, Messrs. Gerald Bright and David L. Craft, Walker Bright, P.C., 100 North Central Expressway, Suite 800, Richardson, Texas 75080, by the Court's ECF System.

/s/ Thomas Wm. Arbon
Thomas Wm. Arbon